# SEALED

FILED BY _XP_ D.C.

**DEC 0 8 2023**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

In re *Ex Parte* Application of SAUL KLEIN,

    *Applicant*,

for Judicial Assistance Pursuant to 28 U.S.C.
§ 1782.

Case No. _____

### *EX PARTE* APPLICATION
### FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

    Saul Klein (hereafter, "Applicant"), through undersigned counsel and pursuant to 28 U.S.C.

§ 1782 and Federal Rule of Civil Procedure 45, respectfully requests judicial assistance in

obtaining evidence located in the Southern District of Florida for use in pending and contemplated

proceedings in Brazil.[1] In support, Applicant states as follows:

    1.    Applicant seeks the Court's assistance to obtain discovery from banks, companies,

and a trust (collectively, "Respondents").

    2.    Section 1782 permits an "interested person" to obtain discovery in the United States

for use in one or more foreign proceedings. The statute provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him
> to give his testimony or statement or to produce a document or other thing for use
> in a proceeding in a foreign or international tribunal, including criminal
> investigations conducted before formal accusation. The order may be made . . .
> upon the application of any interested person and may direct the testimony or
> statement be given, or the document or other thing be produced, before a person
> appointed by the court.

28 U.S.C. § 1782(a).

---

[1] A civil cover sheet is attached as **Exhibit 1**. The Memorandum of Law in support of this
Application is attached as **Exhibit 2**.

    Applicant will submit a disclosure statement required by Federal Rule of Civil Procedure
7.1 and Local Rule 3.03 once a judge is assigned to this proceeding.

3.      As explained below and in the attached exhibits, the statutory elements are met because: (1) Applicant is an "interested person" in several proceedings pending in Brazilian courts and in an ongoing criminal investigation conducted by Brazilian authorities, and in a contemplated legal action to be conducted in a Brazilian court; (2) Applicant seeks evidence in the form of documents and testimony; (3) Applicant intends to use the discovery he obtains through this Application in the pending and contemplated Brazilian proceedings; and (4) Respondents are "found" in this District.

4.      Applicant's subpoenas are narrowly tailored to the issues central to the Brazilian proceedings, all of which relate to one wealthy family from Brazil, the probate of the estate of that family's patriarch, Samuel Klein (hereafter, the "decedent"), and his heirs' competing interests in and claims to estate assets. Applicant is one such heir.

5.      Respondents have knowledge about, and possession, custody, and control of, the decedent's assets located in the Southern District of Florida that were improperly excluded from the estate undergoing probate by a Brazilian court.

6.      Applicant seeks evidence (in the forms of both documents and testimony) from Respondents to:

a)      identify the nature, location, and extent of the decedent's assets located in this District, and facilitate Applicant's incorporation thereof into the estate and Brazilian probate proceeding;

b)      establish that the estate administrator knowingly excluded the decedent's foreign assets from the estate and concealed them from Applicant, the Brazilian probate court, and other beneficiaries;

c)      supplement the Brazilian police's evidence of, and investigation into, *inter*

*alia*, the estate administrator's forgery of the decedent's will and corporate documents for his own financial gain; and

d) establish that the estate administrator fraudulently induced Applicant and other beneficiaries to agree to an estate distribution plan, which omitted substantial assets located outside Brazil, for the administrator's own financial gain and to increase the administrator's and his children's inheritances.

7. Respondents are "found" in the Southern District of Florida, as follows:

a) **Banks**. Applicant seeks evidence in the possession, custody, or control of two financial institutions located in this District: (1) Banco do Brasil S.A., 701 Brickell Avenue, Suite 2610, Miami, Florida 33131; (2) Banco Santander S.A. d/b/a Banco Santander International of Miami, 1401 Brickell Avenue, Miami, Florida 33131; and (3) JPMorgan Chase Bank, N.A. d/b/a J.P. Morgan Private Bank, 1450 Brickell Avenue, Miami, Florida 33131 (collectively, the "Banks").

b) **Companies**. Applicant seeks evidence in the possession, custody, or control of 53 entities incorporated in Florida and located in this District (collectively, the "Companies"): (1) 3510, LLC; (2) EK 2013 Club Villa, LLC; (3) EK 2013 Family R/E Holdings, LLC; (4) EK 2013 Pensacola II, LLC; (5) EK 2013 Pensacola, LLC; (6) EK 2013 Tallahassee LLC; (7) EK Barbarossa, LLC; (8) EK Boca Partners, LLC; (9) EK Equity Ventures, LLC; (10) EK Family Investments, LLC; (11) EK Family Transportation, LLC; (12) EK Samkle 137 Ave Homestead, LLC; (13) EK US R/E Holdings, LLC; (14) EO Aventura, Inc No. 16 ERN-G Holdings, LLC; (15) Kireland 137 Avenue Miami, LLC; (16) Kireland 288 Street Miami, LLC; (17) Kireland 41st Street Doral, LLC; (18) Kireland 43rd Ave Homestead, LLC; (19) Kireland Coral Terrace, LLC; (20) Kireland Equity Investments, LLC; (21) Kireland Hagan Ranch Road Boyton Beach, LLC;

(22) Kireland Holdings, LLC; (23) Kireland Jade CU2, LLC; (24) Kireland Lake Underhill Road Orlando, LLC; (25) Kireland Lender Investments, LLC; (26) Kireland Management, LLC; (27) Kireland Palmetto Park, LLC; (28) Kireland R Transportation, LLC; (29) Kireland State Road 7 Boca Raton, LLC; (30) Kireland Swann Ave Tampa, LLC; (31) Kireland West Glades Road Boca Raton, LLC; (32) Klein Motors, Inc; (33) Mikeone EK Boca Partners, LLC; (34) Mikeone Chicago Holdings, LLC; (35) Mikeone EK Equity Ventures, LLC; (36) Mikeone Jade CU2 LLC; (37) Mikeone EK Maitland Summitt, LLC; (38) Mikeone Equity Ventures, LLC; (39) Mikeone Holdings LLC; (40) Mikeone Houston Holdings LLC; (41) NK Family Management, Inc; (42) NK Store One LLC; (43) Paraty, LLC; (45) RK2013 FTA Equities, LLC; (46) Samkle 441 Properties, Inc; (47) Samkle Holdings, LLC; (48) Samkle Investments, LLC; (49) Samkle North Miami Properties, Inc; (50) Samkle Properties Inc.; (51) SC Enterprises II Corp.; (52) SKCK International Corp; and (53) Jack Family Holdings, LLC.

      c)    **Trust**. Applicant seeks evidence in the possession, custody, or control of the EK 2013 Family Trust (hereafter, the "Trust"). On information and belief, the Trust holds property in this District and the settlor, trustee, and/or sole beneficiary of the Trust is Eva Klein, who resides in this District and is a member, manager, and/or beneficial owner of several Companies listed above.

    8.    This Application also satisfies the discretionary factors of § 1782, as fully explained in the attached Memorandum of Law. Specifically, (1) Respondents are not parties to the foreign proceedings; (2) Brazilian courts are receptive to assistance provided by U.S. courts; (3) Applicant is not attempting to circumvent foreign proof-gathering restrictions; and (4) the subpoenas are not unduly intrusive or burdensome. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

*In re Klein*

WHEREFORE, Applicant respectfully requests that the Court enter an order:

1.    Expeditiously granting this Application for discovery pursuant to 28 U.S.C. § 1782;

2.    Authorizing Applicant to obtain discovery from Respondents, including by authorizing Applicant to serve Respondents with subpoenas;

3.    Directing Respondents to comply with Applicant's subpoenas in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida;

4.    Directing Respondents, until further instruction from this Court, to preserve all documents and evidence potentially relevant to this Application and the foreign proceedings that are in Respondents' respective possession, custody, or control;

5.    Reserving jurisdiction to grant Applicant leave to serve, pursuant to 28 U.S.C. § 1782, additional subpoenas for evidence for use in the foreign proceedings; and

6.    Granting Applicant any further relief the Court deems just and proper.

Dated: December 7, 2023

**MB SCANLON PLLC**
4301 50th Street Northwest, 1st Floor
Washington, D.C., 20016
Tel.: (202) 410-9293

By: */s/ Gabriela Menna Barreto Scanlon*
Gabriela Menna Barreto Scanlon*
Email: gabriela@mbscanlon.com
*\*Motion for admission pro hac vice pending*

Respectfully submitted:

**STUMPHAUZER KOLAYA**
**NADLER & SLOMAN, PLLC**
2 South Biscayne Boulevard, Suite 1600
Miami, Florida 33131
Tel.:   (305) 614-1400
Fax:   (305) 614-1425

By: */s/ Ryan K. Stumphauzer*
Ryan K. Stumphauzer (FBN: 0012176)
Jeffrey H. Sloman (FBN: 378879)
Amy M. Bowers (FBN: 105755)
Email: rstumphauzer@sknlaw.com
        jsloman@sknlaw.com
        abowers@sknlaw.com

*Co-Counsel for Applicant Saul Klein*